## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH HUGHES, | ) | CASE NO. 1:04CV0593 |
| Petitioner, | ) | JUDGE WELLS |
| v. | ) | MAGISTRATE JUDGE HEMANN |
| JAMES HAVILAND, Warden, | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Kenneth Hughes' ("Hughes") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 26, 2004. Hughes is in custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of State of Ohio v. Hughes, Case No. CR 389499 (Cuyahoga County 2001). For the reasons set forth below, the magistrate judge recommends that the petition be denied.

I

On November 8, 2000 the Cuyahoga County grand jury indicted Hughes on two counts of aggravated murder with mass murder and firearm specifications, one count of attempted aggravated murder with a firearm specification, one count of having a weapon while under a disability, another count of having a weapon while under a disability with a firearm specification, and two counts of carrying a concealed weapon. All charges stemmed from a November 3, 2000 incident in front of a Cleveland area nightclub resulting in the deaths of two men. Hughes pleaded not guilty to all charges.

During jury selection for his trial Hughes changed his plea to guilty, and he signed a voluntary waiver of jury trial on May 14, 2001.  In return for his guilty plea, the prosecution agreed to withdraw its request for the death penalty and drop all charges except for the first count of aggravated murder with mass murder specification and firearm specifications and the second count of aggravated murder with a mass murder specification.  In accordance with Ohio Rev. Code § 2945.06, the trial court referred the matter to a three-judge panel for the purposes of determining whether Hughes committed the crimes to which he pleaded guilty and for pronouncing sentence.

On May 29, 2001 Hughes was sentenced to consecutive terms of 30 years to life for each count of aggravated murder with a mass murder specification and to an additional three years for a firearm specification, also to be served consecutively, for a total of 63 years.

On March 15, 2002 Hughes filed a notice of appeal and motion for leave to appeal in the state appellate court.  The court granted the motion on April 12, 2002.  In his brief, Hughes presented the following assignments of error:

> 1.  Defendant was denied due process of law when the three-judge panel failed to perform its statutory duties in this capital prosecution. (Tr. 56, 57)
>
> 2.  Defendant was denied due process of law when his plea of guilty was not knowingly, intelligently and voluntarily entered.
>
> 3. Defendant was denied due process of law when there was insufficient evidence to show prior calculation and design to support a convicted [*sic*] for aggravated murder.  (Tr. 21, 22, 23, 24, 26, 27, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 45).

On January 16, 2003 the appellate court announced that it found Hughes' claims to be without merit and affirmed the trial court's decision.  Hughes then filed a motion for the court to reconsider his second assignment of error, presenting the same arguments as he

2

had in his previous brief. On February 13, 2003 the court summarily denied his motion and affirmed its previous decision.

On March 24, 2003 Hughes filed a timely appeal with the Ohio Supreme Court listing the following propositions of law:

PROPOSITION OF LAW NO. I
A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A THREE-JUDGE PANEL FAILS TO PERFORM ITS STATUTORY DUTIES WHERE DEFENDANT HAS BEEN CHARGED WITH A CAPITAL SPECIFICATION.

PROPOSITION OF LAW NO. II
A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN A PLEA OF GUILTY IS ENTERED IN A CAPITAL PROSECUTION WHICH HAS NOT BEEN MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.

PROPOSITION OF LAW NO. III
A DEFENDANT IS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF AGGRAVATED MURDER WHERE THERE WAS INSUFFICIENT EVIDENCE TO SHOW PRIOR CALCULATION AND DESIGN.

On June 11, 2003 the Ohio Supreme Court denied Hughes leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

Hughes filed a petition for a writ of habeas corpus with this court on March 26, 2004. His petition asserts the following three grounds for relief:

Ground one: Sixth and Fourteenth Amendment
Supporting facts: Petitioner was denied due process of law when a 3-judge panel considered petitioner's case. The court failed to perform its statutory duties which it was required to do so in this case, which was a capital prosecution.

Ground two: Fourteenth Amendment
Supporting facts: Petitioner was denied due process of law when his plea of guilty was not knowingly, intelligently and volunatrily [sic] entered

Ground three: Fourteenth Amendment
Supporting facts: Petitioner was denied due process of law where the prosecution failed to present sufficient evidence to show prior calculation and design in order to support a conviction for aggravated murder

Respondent filed a Return of Writ on June 4, 2004 ("Return"; Docket #10).  Petitioner filed a traverse on June 18, 2004 (Docket #14).   Thus, the petition is ready for decision.

II

A. *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).  Hughes was sentenced by the Court of Common Pleas of Cuyahoga County, Ohio.  Hughes filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.  This court has jurisdiction over Hughes' petition.

B. *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e).  In this case, the records of the state proceedings and the evidence introduced are sufficient for consideration of Hughes' petition.  No evidentiary hearing is required.

C. *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus.

28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir. 1986). The exhaustion requirement is satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-3 (6th Cir. 1990).

Hughes has exhausted direct appeals for all his claims. No state procedures for relief remain available to him for any of these claims. Because Hughes has no remaining state remedies available, his state claims are exhausted.

D.     *Procedural default*

Procedural default occurs when a petitioner fails to present fairly his or her constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in state proceeding due to respondent's failure to raise them there as required by

5

state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence . . . ." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Respondent does not argue that Petitioner has procedurally defaulted any of his claims. The issue of procedural default, therefore, need not be considered.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claims that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must

be clearly established at the time of the petitioner's conviction.  *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

"[A] determination of a factual issue made by a state court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence."  *Id.*  The magistrate judge will consider Hughes' claims under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

A. *Ground one: Denial of due process by the failure of the sentencing court to perform its statutorily-required duties.*

Hughes claims that the three-judge panel which heard his case and sentenced him failed to examine witnesses and hear evidence as required by Ohio Rev. Code § 2945.06, thereby depriving him of his procedural due process.  Respondent argues that the panel fulfilled all its required duties by hearing all relevant evidence and witnesses.

A procedural due process claim asserts that although the deprivation of a constitutionally-protected interest in "life, liberty, or property" may not of itself have been unconstitutional, the procedure by which the deprivation was effected was unconstitutional. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981); *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property.").  The constitutional violation occurs not when the deprivation is enacted, but when the state fails to provide due process.  To determine whether a constitutional violation has occurred, a court must determine "what process the State provided, and whether it was constitutionally adequate."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

There is no evidence in the record to support Hughes' contention that the state appellate court failed to examine witnesses and hear evidence as required by state law. The transcript of the proceedings before the panel reveals that the court examined the off-duty police officer who was a witness to the incident and examined the primary investigating officer. Transcript of proceedings, May 14, 2001("Tr."), Return, Exh. 22, pp. 20-42. The prosecution also entered the medical examiner's report into evidence. Tr. at 42. Finally, the written statements of eyewitnesses, including the intended victim, were read into evidence. Tr. at 36-41. The record demonstrates that the panel heard and evaluated the relevant evidence in the case as required by Ohio state law. Hughes' claim that he was denied due process because the sentencing court failed to fulfill its required duties is, therefore, without merit. For these reasons the magistrate judge recommends that the court deny Hughes' first ground for relief.

B. *Ground two: Denial of due process by accepting a guilty plea that was not knowingly, intelligently, and voluntarily made.*

In his second ground for relief, Hughes claims that his guilty plea was not knowingly, intelligently, and voluntarily made because the court did not fully explain the law and circumstances to him. Respondent denies that the plea was not knowingly, voluntarily, and intelligently made and argues that the transcript of the proceedings proves that the petitioner understood all the charges to which he was pleading guilty and that he was under no duress in doing so.

The transcript shows that at the hearing Hughes was told of the charges and specifications to which he was pleading guilty, told of the possible sentences which he might receive upon pleading guilty, and reminded of the sentence which Hughes and the

8

prosecution had agreed upon in exchange for Hughes' guilty plea. Tr. at 5-10. Hughes told the court that he was not under the influence of drugs, alcohol, or medication; was satisfied with the quality of his representation; was not making his plea due to any promise or duress; was making the plea under his own free will; had discussed the plea with his attorney; and knew the evidence that the state would present against him should he decide to go to trial. Tr. at 10-11, 14-15. The transcript also shows that the court determined that Hughes had no questions about the plea arrangement. Tr. at 10-11, 15. The court told Hughes of his rights should he chose to go to trial, explained that he was waiving those rights by pleading guilty, and described the elements of each charge before accepting his plea. Tr. at 17-19. Hughes declared that he understood what the court had told him. Tr. at 10-17.

The state appellate court examined Hughes' assignments of error and affirmed the trial court's decision finding that the trial court had "substantially complied" with the statutory requirements and from the record it was clear that the court had fulfilled its duty. *Ohio v. Hughes,* 2003 Ohio App. LEXIS 115 (Jan. 16, 2003). Hughes does not offer clear and convincing evidence to rebut this finding of fact.

Because Hughes fails to show that the sentencing court accepted a plea that was not knowingly, intelligently and voluntarily made and because Hughes fails to cite a holding of the Supreme Court to show that the appellate court's procedure in accepting his plea was in any way constitutionally deficient, the magistrate judge recommends that the court deny Hughes' second ground for relief.

C.  *Ground three: Denial of due process by the prosecution's failure to prove the requisite mental state for aggravated murder.*

Petitioner's third ground for relief is that the prosecution did not prove the prior calculation and design necessary to support a conviction for aggravated murder. Respondent replies that the prosecution presented sufficient evidence to permit a finding that Hughes had the requisite mental state for aggravated murder.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A habeas court resolves all conflicting inferences in favor of the prosecution and does not weigh the credibility of witnesses. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983). The evidence need not be sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. *Fuller v. Anderson*, 662 F.2d 420, 435 (6th Cir. 1981), *cert. denied*, 455 U.S. 1028 (1982).

The sentencing court's findings show that on the night of November 3, 2002 Hughes pulled a 9 mm. pistol and attempted to shoot Marquese Bryant in the chest. The gun jammed, however, and Bryant ran. Hughes then took the time to fix his gun and stalk Bryant through a parking lot. When he found him, Hughes fired at least nine shots in Bryant's direction, killing two men standing next to Bryant instead. Taken in the light most favorable to the prosecution, a rational trier of fact could find that Hughes formed the prior

calculation and design necessary to sustain a conviction of aggravated murder beyond a reasonable doubt. The magistrate judge recommends, therefore, that the court deny Hughes' third ground for relief.

IV

For the above reasons, the magistrate judge recommends that the court dismiss Hughes' petition for a writ of habeas corpus.


Date: July 13, 2004     /s/ Patricia A. Hemann
                        Patricia A. Hemann
                        United States Magistrate Judge


**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).