UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH HUGHES, | ) | CASE NO. 1:04CV593 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| JAMES HAVILAND, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Petitioner's Motion (ECF DKT #22) for a New Trial or to Alter and Amend Judgment. For the following reasons, Petitioner's Motion is denied.

**I. BACKGROUND**

On September 25, 2007, this Court issued its Opinion and Order (ECF DKT #20), denying Petitioner Kenneth Hughes' Petition for Writ of Habeas Corpus. The Court fully considered each of Petitioner's Objections to the Magistrate Judge's Report and Recommendation, and found them without merit. Specifically, this Court found his due process rights were not violated, and the three-judge panel performed its statutory duties under

O.R.C. § 2945.06. Also, this Court found Petitioner's plea was knowingly, intelligently and voluntarily entered. Lastly, this Court determined the evidence was sufficient for a rational trier of fact to find every element of the crime of aggravated murder beyond a reasonable doubt.

In his Motion for New Trial or to Alter and Amend Judgment, Petitioner reasserts the same three objections and contends this Court did not fully consider them.

## II. LAW AND ANALYSIS

Petitioner brings his Motion under Fed. R. Civ. P. 52 and Fed. R. Civ. P. 59, asking the Court to amend its previous Order and reconsider its denial of habeas corpus relief.

"Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg., Inc.*, 372 F. Supp. 2d 1013, 1024-25 (N.E. Ohio 2004), *quoting General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F. 3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000).

In the instant Motion, Petitioner has not pointed to any change in controlling law, previously unavailable evidence, or any clear error. Rule 59 is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously-decided matters. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th cir. 1998).

### III. CONCLUSION

Since the Court has given due consideration to all of Petitioner's Objections, and has determined, once again, in the absence of a change in the controlling law or newly-discovered evidence, that the Objections are without merit, Petitioner's Motion for a New Trial or To Alter and Amend Judgment is denied.

**IT IS SO ORDERED.**

DATE: 10/12/07

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge